JjPER CURIAM.*
This matter arises from four counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Randy D. Elkins, an attorney licensed to practice law in the State of Louisiana but currently under suspension.[1]
FORMAL CHARGES
In Count I of the formal charges, the ODC alleges that Ms. Eva Lou Sandlin retained respondent to represent her and her two minor children and assist her in investing $18,000 for the children. Respondent informed Ms. Sandlin he invested the money with Southwest Estate Services of Louisiana at 9.25% interest, but in fact converted the money to his own use.[2] Respondent created fraudulent letters, promissory notes and certificates of deposit supposedly from Southwest Estate Services, forging the signatures of people who allegedly were Southwest employees.
In Count II, the ODC alleges Ms. Sand-lin also retained respondent to file suit on her behalf against Stone Container Company. Although respondent advised Ms. Sandlin he had filed suit, he failed to do so. He further created fraudulent documentation, in an effort to mislead Ms. Sandlin in regard to her case, including fraudulent “settlement” documents.
Count III alleges that during the period of his suspension and after his release • from prison, respondent worked for attorney Jack Montgomery and was placed in charge of liquidating the assets of a company. The ODC alleges respondent engaged in conduct outside the scope of his authority, executed improper transactions and converted funds belonging to the company.
| ¡^Finally, in count IV, the ODC alleges during his suspension from the practice of law and after his release from prison, respondent was employed by Oak Tree Manufacturing Co. Although respondent had no check-writing authority from the company, he executed contracts for and on the company’s behalf, obtained checks from Oak Tree’s customers, illegally endorsed them, and converted the funds to his own use.
DISCIPLINARY PROCEEDINGS
Prior to the formal hearing, respondent filed a petition for consent discipline, wherein he admitted to some of the allegations in Counts I and II and all of the allegations in Counts III and IV. Respondent proposed that he be disbarred for his misconduct.
The ODC concurred in the petition for consent disbarment, pointing out that respondent’s admitted misconduct constitutes fraud, deception, misrepresentation and theft, all in violation of Rule 8.4 of the Rules of Professional Conduct, and the appropriate discipline for such misconduct *109 is disbarment. It further noted criminal theft charges were pending against respondent in Webster Parish in connection with count IV of the formal charges.
DISCIPLINARY BOARD RECOMMENDATION
The disciplinary board found respondent’s misconduct was proven by clear and convincing evidence. It also found respondent violated duties owed to the legal system, the profession, and the public, and has engaged in knowing and intentional misconduct. The board found no mitigating factors and the following aggravating circumstances: prior discipline; dishonest motive; pattern of misconduct; refusal to acknowledge wrongdoing; vulnerability of the victims; and substantial legal experiences in the practice of law.
Based on these facts, the board agreed that disbarment was the appropriate sanction. Accordingly, it recommended that respondent be disbarred from the practice of law and be assessed with all costs and expenses of the proceeding, with legal interest to commence running thirty days from the date of finality of the court judgment until paid.
DISCUSSION
Although respondent’s admitted misconduct in Counts III and IV did not occur in the | ¡¡course of representation of a client, his actions involved fraud, deceit, deception misrepresentation and theft, which are elements considered in the imposition of disbarment. See Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986). Moreover, the disciplinary board identified several aggravating factors, including respondent’s history of prior discipline.
Accordingly, we conclude disbarment is an appropriate sanction under the facts of this case. The petition for consent discipline will be accepted.
DECREE
Upon review of the findings and recommendations of the disciplinary board, the petition for consent discipline and the record filed herein, it is the decision of the court that the petition for consent discipline be accepted.
Accordingly, it is ordered that the name of Randy D. Elkins be stricken from the rolls of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses of these proceedings are assessed to respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence running thirty days from the date of finality of judgment until paid.

 Calogero, C.J. not on panel. Rule IV, Part II, § 3.

. On September 23, 1994, this court suspended respondent from the practice of law for a period of thirty-six months based on his conviction in federal court on three counts of willfully and knowingly making false statements to a bank for the purposes of influencing a loan decision, in violation of 18 U.S.C. § 1014. In re: Elkins, 94-2070 (La.9/23/94), 644 So.2d 189. Subsequently, respondent filed a petition for reinstatement, which this court denied. In re: Elkins, 98-1192 (La.6/19/98), 719 So.2d 472.

. Respondent later made partial restitution to Ms. Sandlin.